IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-HC-2252-FL

| | | |
|---|---|---|
| RONNIE T. RAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNNAMED RESPONDENT, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for initial review pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

In October 2004, a jury in the United States District Court for the Western District of Tennessee found petitioner guilty of three counts of sexually exploiting a minor and two other related offenses. United States v. Ray, No. CR 04-20019-BBD, 2011 WL 13128851, at *1 (W.D. Tenn. Nov. 2, 2011), aff'd, 721 F.3d 758 (6th Cir. 2013). The trial court initially sentenced petitioner to 600 months imprisonment, and later re-sentenced him to 360 months imprisonment. Id. The Sixth Circuit affirmed petitioner's 360 month sentence. Id. Petitioner then challenged his conviction by filing a motion under 28 U.S.C. § 2255, which the sentencing court denied. Id. at *17. The Sixth Circuit affirmed the denial of petitioner's § 2255 motion. Ray v. United States, 721 F.3d 758, 760 (6th Cir. 2013).

Petitioner filed the instant petition on October 17, 2018, seeking a reduction in his sentence,

citing his advanced age and serious health problems. (Pet. (DE 1) 6-8). Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, allows a federal prisoner to file a motion for compassionate release after exhausting all administrative appeals of a refusal by the Federal Bureau of Prisons ("BOP") to bring such a motion on the prisoner's behalf. See First Step Act of 2018, P.L. 115-391, § 603(b)(1); see also United States v. Bell, No. 3:93-CR-302-M, 2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019); United States v. Overcash, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *1 (W.D.N.C. Apr. 3, 2019).

Here, it is not clear whether the BOP has refused to file a motion for compassionate release on petitioner's behalf, and, if so, whether petitioner exhausted his administrative appeals. Even assuming petitioner fully exhausted the claim, the "BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable." Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011) (per curiam) (unpublished) (collecting cases); see DeLuca v. Lariva, 586 F. App'x 239, 240 (7th Cir. 2014) (per curiam) (unpublished); Cruz-Pagan v. Warden. FCC Coleman-Low, 486 F. App'x 77, 79 (11th Cir. 2012) (unpublished); Meyer v. U.S. Bureau of Prisons, No. 3:17-cv-434-MOC, 2017 WL 3725613, at *5 (W.D.N.C. Aug. 29, 2017) (unpublished).

If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court. See 18 U.S.C. § 3582(c)(1)(A); see also Himmel v. Upton, No. 4:18-CV-804-O, 2019 WL 1112923, at *2 n. 6 (N.D. Tex. Mar. 11, 2019) ("any motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court"); Pappalardo v. Holland, No. 5:18-HC-2056, (DE 24) (E.D.N.C. March 8, 2019) (denying § 2241 petition seeking compassionate release and noting petitioner may seek relief in the sentencing court); Camp v. United States of America, No. 5:19-HC-2001-BO, (DE 7)

(E.D.N.C. March 6, 2019) (transferring motion for compassionate release to sentencing court); Mohrbacher v. Ponce, No. CV18-00513-DMG (GJS), 2019 WL 161727, at *1 n. 1 (C.D. Cal. Jan. 10, 2019) (noting whether the First Step Act supports compassionate release is properly resolved in motion for sentence reduction). Petitioner has not filed any such motion in the sentencing court. See Docket United States v. Ray, No. 2:04-cr-20019-BBD-1 (W.D.Tenn.).

In this posture, the court DENIES the instant petition without prejudice. Petitioner should pursue his requests for compassionate relief in his sentencing court after exhaustion of his administrative remedies. The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of April, 2019.

LOUISE W. FLANAGAN
United States District Judge